IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSE ROBERTO RIOS-GUTIERREZ, et al., ) <br> On behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BRIGGS TRADITIONAL TURF ) <br> FARM, INC, et al., ) <br> ) <br> Defendants. ) | No. 21-0374-CV-W-FJG |

## ORDER

Pending before the Court is Plaintiffs' Motion for Class Certification and Suggestions in Support (Doc. No. 59).

### I.  Background

Plaintiffs Jose Roberto Rios-Gutierrez, Jose Juan Mendoza-Servin, Francisco Javier Martinez-Mendez, Jonathan Rodriguez-Anaya, and Cesar Edgardo Avendaño-Martinez, are Mexican nationals. Plaintiffs worked for Defendants Briggs Traditional Turf Farm, Inc., L.C. Briggs Turf Farm, LLC, Lawrence "Larry" Briggs, Capen Briggs, Kenosha, LLC, and Naudi-D Investments, LLC between 2018 and 2020. Plaintiffs allege that they and the other workers on whose behalf they bring this action came to work in the United States as guestworkers on H-2A visas. Under the H-2A visa program, the visa holder is required to "perform agricultural labor or services" as defined by the Internal Revenue Code, 26 U.S.C. § 3121(g) and the FLSA, 29 U.S.C. § 203(f). See 8 U.S.C. § 1101(a)(15)(H)(ii)(a).  Plaintiffs assert that H-2A visas only allow the visa holders to work

in agriculture, and accordingly the Defendants reported to the government that they needed the workers to perform sod production on Defendants' sod farm in Missouri.

Agriculture workers, as defined in 29 U.S.C. § 203(f), are generally exempt from overtime. See 29 U.S.C. § 213(a)(6). Thus, if Plaintiffs performed only agriculture work (as required by the H-2A visas), Defendants would not be liable for overtime payments. However, Plaintiffs allege that they were required to perform landscaping work (including laying sod, as opposed to sod production) at commercial, residential, and government properties in western Missouri and eastern Kansas. Plaintiffs assert that landscaping workers, as opposed to agricultural workers, should be paid overtime for weeks where they worked more than 40 hours, as landscaping work is not considered agricultural labor or services. See 26 U.S.C. § 3121(g), 29 U.S.C. § 203(f), 2nd Am. Compl. ¶¶ 61-62. Plaintiffs assert that they regularly worked more than 40 hours in a week, but Defendants rarely paid an overtime premium; Plaintiffs assert that Defendants relied on the exemption for agricultural workers. 2nd Am. Comp. at ¶¶ 76-79. Therefore, Plaintiffs argue that should have been paid overtime for those weeks in which they worked over 40 hours. Additionally, Plaintiffs claim that they were subject to the same tax and RICO fraud on a class-wide basis.

On February 11, 2022, this Court granted Plaintiffs' Motion for conditional certification of an FLSA collective action, and notice was provided to the putative FLSA class members. Order, Doc. No. 46. Plaintiffs now bring this motion seeking certification of a class action under Fed. R. Civ. P. 23, for causes of action other than their FLSA claims. Specifically, the class action claims pled by Plaintiffs are: (1) Count II – Violation of Missouri Overtime Law, Mo. Rev. Stat. § 290.500, et seq.; (2) Count III – Violation of Kansas Wage Payment Act, K.S.A. § 44-313, et seq.; (3) Count IV – Racketeer

Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-68; (4) Count V – Filing False Information Returns, 26 U.S.C. § 7434; and (5) Count VI – Employment Discrimination in Violation of 42 U.S.C. § 1981. Plaintiffs seek to be appointed as class representatives and have their counsel appointed as class counsel.

Plaintiffs request certification of a class defined as follows:

> All individuals who, between 2018 and the present, (1) received wages from Defendant Briggs Traditional Turf Farm, Inc. ("Briggs Traditional"); (2) performed work related to the installation, seeding, and/or maintenance of sod at locations off of the Defendants' farms in any workweek; (3) worked over 40 hours in any such workweek; and (4) were H-2A visa holders.

## II. Standard

Under Federal Rule of Civil Procedure Rule 23(a), the Court considers the following prerequisites and certifies a class only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, the Court considers whether one of the three Rule 23(b) requirements justify certification. Here, Plaintiffs move for certification under Rule 23(b)(3), which provides that a class may be maintained if: "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The Court does not undertake a strict evaluation of the claims' merits at this stage, however. "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974).

### III. Analysis

Prior to turning to the merits of the Rule 23 inquiry, the Court notes that Plaintiffs' putative class is ascertainable. Courts are asked to determine ascertainability, that is, whether the class "is capable of definition," Vietnam Veterans Against the War v. Benecke, 63 F.R.D. 675, 679 (W.D. Mo. 1974), and therefore "readily identifiable." EQT Prod. Co. v. Adair, 764 F.3d 347, 358 (4th Cir. 2014). However, "[t]he ascertainability inquiry is narrow," and "only requires the plaintiff to show that class members can be identified." Byrd v. Aaron's, Inc., 784 F.3d 154, 165 (3d Cir. 2015). In other words, the class definitions must be drafted such that "membership is ascertainable by some objective standard." Huyer v. Wells Fargo & Co., 295 F.R.D. 332, 336 (S.D. Iowa 2013). In this Circuit, the ascertainability determination is not a threshold inquiry. Rather, it is simply one part of a court's rigorous analysis of the Rule 23 requirements. Sandusky Wellness Center, LLC v. Medtox Scientific, Inc., 821 F.3d 992, 996 (8th Cir. 2016) ("[T]his court has not addressed ascertainability as a separate, preliminary requirement."). Here, as noted by Plaintiffs, the proposed class is defined in terms of purely objective criteria – H-2A workers who were employed by Defendants in the specified years. These class members should be readily identifiable from Defendants' payroll records. Given that Plaintiffs' proposed class is ascertainable, the Court turns to the remaining Rule 23 factors.

### A. Rule 23(a) Requirements

#### 1. Numerosity

Rule 23(a)(1) requires a class to be "so numerous that joinder of all members is impracticable." The Eighth Circuit has imposed no specific numeric requirements on how many individuals are necessary to meet the numerosity requirement. Emanuel v. Marsh,

4

828 F.2d 438, 444 (8th Cir. 1987); Belles v. Schweiker, 720 F.2d 509, 515 (8th Cir.1983); Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 54 (8th Cir.1977). Classes similar in size to the putative class in this action have been certified in the Eighth Circuit. See Arkansas Educ. Ass'n v. Bd. of Educ., 446 F.2d 763, 765 (8th Cir. 1971) (upholding certification of a class of twenty individuals); Tinsley v. Covenant Care Servs., LLC, No. 1:14CV00026 ACL, 2016 WL 393577, *7 (E.D. Mo. Feb. 2, 2016) (certifying a class of between 35 and 101 class members). Similarly, courts in other districts have found joinder of all members to be impracticable when examining putative classes numbering 38 or 40 individuals. Moreno-Espinosa v. J & J Ag Products, Inc., 247 F.R.D. 686, 689 (S.D. Fl. 2007) (certifying a class of 38 migrant workers); Salas-Mateo v. Ochoa, No. 03-14357-CIV, 2004 WL 1824124 at * 2 (S.D. Fla 2004) (certifying a class of 40 migrant workers, noting that geographic dispersion of class members, relatively small individual damages claims, and unfamiliarity with the U.S. legal system support the conclusion that joinder is impracticable). In the present case, Plaintiffs note that Defendants employed 43 H-2A workers between 2018 and the present, and each of these workers fits the proposed class definition.

In addition to the size of the putative class being sufficient to meet the numerosity requirement, Plaintiffs indicate that joinder of the members is otherwise impracticable. "In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." Paxton v. Union Nat'l Bank, 688 F.2d 552, 559–60 (8th Cir.1982), cert. denied, 460 U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983). Here, Plaintiffs argue that joinder would be impracticable because the putative class members are (1) geographically dispersed; (2)

non-English speaking migrant workers; and (3) unfamiliar with the U.S. legal system. See Salas-Mateo, 2004 WL 1824124 at *2. Plaintiffs further note that each individual's claim would be fairly small in value, making class treatment more appropriate.[1]

In response, Defendants acknowledge that the Eighth Circuit has not adopted a rigid rule about the number of persons needed to establish numerosity. However, Defendants assert that here there are only 43 potential claimants, and joinder of these individuals in a single action would be practicable. Defendants further assert that these 43 individuals will have differing claims due to the different numbers of hours worked during the relevant time period. In reply, however, Plaintiffs note that Defendants have made no suggestion as to how all 43 potential claimants could join in a single action, nor do Defendants explain how the mere fact that damages would potentially need to be calculated individually defeats class certification. See, e.g., Bouaphakeo v. Tyson Foods, Inc., 765 F.3d 791, 798 n. 5 (8th Cir. 2014) (citing Comcast Corp. v. Behrend, 569 U.S. 27, 34 (2013)) (finding individual damage calculations to be permissible so long as they do not overwhelm questions common to the class). Plaintiffs again emphasize that the geographic diversity of the members of the putative class, coupled with the size of the putative class, satisfies the numerosity requirement.

The Court finds that Plaintiffs have met the numerosity requirement of Fed. R. Civ. P. 23(a)(1). In particular, the Court finds persuasive Plaintiffs' arguments that joinder

---

[1] Plaintiffs also argue that they have shown that certain members of the collective action have not joined because of fear of retaliation from the Defendants, their current employers, and that the fear of retaliation can be a reason to find joinder of parties to be impracticable. See Suggestions in Support of Class Certification, Doc. No. 59, p. 13. However, the Court denied Plaintiffs' motion for sanctions on this same issue. See Order, Doc. No. 71, denying motion for sanctions (Doc. No. 57) due to lack of evidentiary support. Similarly, with respect to the motion for class certification, the Court finds that unsubstantiated fear of retaliation does not support the numerosity requirement of Rule 23(a)(1).

6

would be impracticable because the putative class members are (1) geographically dispersed; (2) non-English speaking migrant workers; and (3) unfamiliar with the U.S. legal system.

### 2. Common Issues of Law and Fact

Rule 23(a)(2) is satisfied where there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs must show that there are common questions with "common answers apt to drive the resolution of the litigation" for the proposed class as a whole. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) (internal quotation omitted). The class claims "must depend on a common contention" which is "of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve the issue that is central to the validity of each one of the claims in one stroke." O'Shaughnessy v. Cypress Media, L.L.C., No. 4:13-CV-0947-DGK, 2015 WL 4197789, at *6 (W.D. Mo. July 13, 2015) (citing Dukes, 564 U.S. at 350). This Court, in Ingersoll v. Farmland Foods, Inc., found that commonality existed in a Missouri Minimum Wage Law case despite differences in class members' departments, managers, job duties, and equipment, where plaintiffs' claims "all rely on non-unique general allegations that particular categories of activities are compensable, yet the defendants fail to compensate for those activities." Ingersoll v. Farmland Foods, Inc., Case No. 10-CV-6046-FJG, 2012 WL 12897285 at *8 (W.D. Mo. Feb. 9, 2012)(J. Gaitan).

Plaintiffs point to the following issues of law and fact identified in their Second Amended Complaint (Doc. No. 41), which they indicate generate common answers apt to drive the resolution of litigation: (1) Whether Defendants failed to pay Plaintiffs and the Class members at a rate of time and one half of their regular rate of pay for all hours worked over 40 in a work week, in violation of Missouri and Kansas law (Doc. No. 41, ¶

7
Case 4:21-cv-00374-FJG   Document 73   Filed 11/30/22   Page 7 of 15

161(a) (noting that Defendants did not pay overtime to H-2A workers unless they were working on a union job site, and further noting that Defendants required H-2A workers to pay Defendants $25 per week as rent to live in Defendants' housing, in violation of the H-2A visa program)); (2) Whether Defendants had a policy of failing to pay Plaintiffs and other H-2A workers as required by law (Doc. No. 41, ¶ 161(b)); (3) Whether Defendants' policy of failing to pay Plaintiffs and the other H-2A workers was willful (Doc. No. 41, ¶ 161(c)); (4) Whether Defendants committed a pattern of racketeering activity (under RICO) causing Plaintiffs and other H-2A workers to suffer pecuniary losses (Doc. No. 41 ¶ 161(d)); (5) Whether Defendants discriminated against Plaintiffs and other H-2A workers under 42 U.S.C. § 1981 by only paying overtime premiums to U.S. citizen workers (with the rare exception of when the H-2A workers performed work at union jobsites) (Doc. No. 41 ¶ 161(e)); (6) Whether Defendants filed false information returns with the IRS with respect to the Plaintiffs' and other H-2A workers' wages (Doc. No. 41, ¶ 161(f)); (7) Whether Defendant Briggs Traditional, Briggs Turf, Kenosha, Naudi-D Investments, Capen Briggs, and Larry Briggs are alter egos of each other (Doc. No. 41, ¶ 161(g)); and (8) The nature and extent of class-wide injury and the measure of damages for those injuries.

In response, Defendants argue that Plaintiffs have failed to meet their burden to establish commonality. Defendants state, "Each individual member of the putative class would necessarily have different potential claims during any relevant time period regarding overtime hours that they allegedly were entitled to compensation for." Doc. No. 70, p. 5. Additionally, Defendants indicate they "dispute all allegations made by Plaintiffs in their Motion regarding this issue." See id. Defendants otherwise do not point to any specific facts or allegations that are in dispute.

As noted above in relation to numerosity, the mere fact that damages calculations would need to reflect differences in hours worked does not defeat class certification. See Bouaphakeo, 765 F.3d at 798 n. 5. In addition, any disputes over the allegations made in the operative complaint or the motion for class certification do not defeat Plaintiffs' contentions that they have asserted common questions that are apt to generate common answers on behalf of a class. For the reasons stated by Plaintiffs, the Court finds that Plaintiffs have demonstrated commonality of their class claims.

        3.     Typicality of Plaintiffs' Claims

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. In other words, class representatives should have the same interests and seek a remedy for the same injuries as other class members. See East Texas Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977). It is "not necessary to first find that all putative class members share identical claims." Jones v. NovaStar Financial, Inc., 257 F.R.D. 181, 187 (W.D. Mo. 2009). Instead, the "typicality 'requirement is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal procedure or remedial theory.'" Jones, 257 F.R.D. at 187 (citing Paxton v. Union Nat. Bank, 688 F.2d 552, 562-63 (8th Cir. 1982)).

Here, Plaintiffs argue that as discussed above with respect to commonality, the named Plaintiffs, as well as the members of the putative class, came from Mexico to Missouri to work for Defendants using H-2A visas, and were not paid overtime for weeks where they worked more than 40 hours. The named Plaintiffs note that Defendants treated the named Plaintiffs and the putative class members the same with respect to how Defendants handled payroll withholdings. The named Plaintiffs further note that the

9
Case 4:21-cv-00374-FJG   Document 73   Filed 11/30/22   Page 9 of 15

claims and defenses in this suit all stem from the same legal theory – whether the putative class members were landscapers and entitled to overtime pay. In response, Defendants concede that the typicality requirement of Rule 23(a)(3) has been met, but they deny the validity of Plaintiffs' claims.

Accordingly, the Court finds that, for the reasons stated by Plaintiffs, the typicality requirement has been met.

4. Adequacy of Class Representatives and Class Counsel

Rule 23(a)(4) requires that the putative class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The rule has two components: "whether (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." Paxton v. Union Nat. Bank, 688 F.2d 552, 562-63 (8th Cir. 1982). Plaintiffs and their counsel set forth numerous reasons why they are adequate, and Defendants concede the adequacy of the proposed class representatives and class counsel. Therefore, the Court finds that Plaintiffs have met the adequacy requirement, both as to counsel and as to class representatives. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Daniel Werner, Mark Dugan, and Heather Schlozman as class counsel, and Plaintiffs Jose Roberto Rios-Gutierrez, Jose Juan Mendoza-Servin, Francisco Javier Martinez-Mendez, Jonathan Rodriguez-Anaya, and Cesar Edgardo Avendaño-Martinez as class representatives

B. **Rule 23(b)(3) Requirements**

1. Superiority

Plaintiffs assert that utilizing a class action here would be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). When analyzing superiority, the Court considers:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Here, Plaintiffs argue that they have demonstrated superiority by showing (1) it is extremely unlikely that individual members of the putative class have an interest in prosecuting their own individual claims, given the relatively small size of each putative class member's claims; (2) the class members maintain permanent homes in Mexico and many currently reside there, likely meaning they are unfamiliar with the U.S. legal system and their rights to prosecute such claims here; (3) the Court has an interest in resolving the issues in one forum, rather than having redundant litigation efforts proceeding in multiple courts; and (4) the putative class members were all employed by the same employers and pursuant to the same or similar H-2A clearance orders, making a class action a workable and efficient way to manage and resolve their claims.

In response, Defendants argue that Plaintiffs' assertions regarding superiority are not supported by any evidentiary proof. Defendants further argue that the relatively small size of the putative class demonstrates that it would pose no hardship on the putative class members to join the existing litigation as party plaintiffs. In their reply suggestions, however, Plaintiffs persuasively argue that Defendants have not provided any analysis as to why a class action is not a superior means to resolve this dispute. Plaintiffs further

11
Case 4:21-cv-00374-FJG   Document 73   Filed 11/30/22   Page 11 of 15

note that Defendants do not address the arguments made regarding judicial efficiency, nor do they address the difficulties in proceeding with migrant workers who have little experience with the U.S. legal system. And, although Defendants complain about the size of the putative class as being too small, the Court notes that similarly-sized classes have been certified before in similar circumstances. See Arkansas Educ. Ass'n, 446 F.2d at 765 (upholding certification of a class of twenty individuals); Tinsley, 2016 WL 393577 at *7 (certifying a class of between 35 and 101 class members); Moreno-Espinosa, 247 F.R.D. at 689 (certifying a class of 38 migrant workers); Salas-Mateo, 2004 WL 1824124 at * 2 (certifying a class of 40 migrant workers).

Accordingly, the Court finds that Plaintiffs have demonstrated that a class action is the superior means for resolving this dispute.

### 2. Predominance of Common Questions of Fact and Law

The final criterion examined by the Court is predominance of common questions of law or fact, under Rule 23(b)(3). "The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation … and goes to the efficiency of a class action as an alternative to individual suits." Ebert v. Gen. Mills, Inc., 823 F.3d 472, 479 (8th Cir. 2016) (citations omitted). The predominance inquiry "asks whether the common, aggregation-enabling issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." Orduno v. Pietrzak, 932 F.3d 710, 716 (8th Cir. 2019) (citations omitted). Notably, "[i]ndividual damage calculations, however, are permissible if they do not 'overwhelm questions common to the class.'" Bouaphakeo v. Tyson Foods, Inc., 765 F.3d 791, 798 n. 5 (8th Cir. 2014) (citing Comcast, 569 U.S. at 34).

Plaintiffs argue that, for the same reasons as discussed above in relation to the commonality inquiry of Rule 23(a), the common questions of fact and law presented in this matter predominate over individual issues. Plaintiffs argue that they have alleged that Defendants uniformly misrepresented that the putative class members would be performing agricultural work when filing their H-2A visa applications. Plaintiffs further note that the definitions of agricultural work and the type of work performed by the class members will also be uniform across the class. See Felix Rodriguez deposition, Doc. No. 59, Ex. 12, at 26:22 – 27:5 (testifying that each laborer was expected to be capable of performing all duties – "everybody's just kind of [a] universal worker, everybody should be doing everything."). Plaintiffs further argue that, to the extent putative class members worked different hours or at different locations, those differences are relevant only for calculation of damages and not for consideration of liability.

In response, Defendants again argue that due to the small number of individual class members, litigation of each individual claim would be preferable to certification of a class. In addition, Defendants argue that the individual differences regarding calculation of damages would predominate over the common questions of fact and law, and that the only common issue is whether Defendants were required to pay overtime to the H-2A workers during the relevant time period(s). In reply, however, Plaintiffs note that this Court has already held, in another wage-and-hour case, that when damages can be calculated using common proof, class certification is appropriate. See Speer v. Cerner Corp., No. 14-0204-CV-W-FJG, 2016 WL 5444648, at *10 (W.D. Mo. Sept. 27, 2016) (finding class certification to be appropriate when the alleged overtime violations "appear[ed] to be systemic, and the formulas used to calculate overtime appear to be standardized," and further indicating "all that will need to happen is that (1) the payroll

calculations be run again, this time using all required remuneration; (2) calculate time and a-half instead of half-time to the FWW class; and (3) multiply by two to pay liquidated damages."). Similarly, Plaintiffs indicate that class-wide damages for Section 1981 violations due to treating the H-2A workers differently than U.S. citizen employees, and statutory damages for filing false information returns under 26 U.S.C. § 7434(b) should be uniform across the class and based on common proof.

After reviewing the parties' arguments, the Court finds that Plaintiffs have demonstrated that common issues predominate over individual issues, such that class certification is appropriate. Accordingly, given that the Court has found in Plaintiffs' favor on all the elements supporting certification of a Rule 23 class, the Court will **GRANT** Plaintiffs' motion for class certification (Doc. No. 59).

## C. Class Definition

As the Court finds plaintiffs' proposed classes should be certified, the Court adopts the following class definition:

> All individuals who, between May 28, 2018[2] and the present, (1) received wages from Defendant Briggs Traditional Turf Farm, Inc. ("Briggs Traditional"); (2) performed work related to the installation, seeding, and/or maintenance of sod at locations off of the Defendants' farms in any workweek; (3) worked over 40 hours in any such workweek; and (4) were H-2A visa holders.

## D. Notice

---

[2] Although Plaintiffs request certification of a class of workers who received wages from Defendants "between 2018 and the present," the Court finds that the more specific date of May 28, 2018, which is three years prior to the filing of this lawsuit, is more appropriate. RSMo § 290.527 ("Actions for the collection of any deficiency in wages shall be commenced within three years of the accrual of the cause of action."). If Plaintiffs believe that May 28, 2018 is not the appropriate start date to be used in the class definition, they shall propose a different date in their proposed notice form, which is to be submitted on or before December 19, 2022.

Plaintiffs have not submitted a proposed form of notice. Therefore, the Court **ORDERS** Plaintiffs to submit their proposed notice on or before **December 19, 2022**. Defendants may file their objections, if any, on or before **January 6, 2023.** Plaintiffs may reply to the objections on or before **January 17. 2023**.

IV. Conclusion

Therefore, for the foregoing reasons, Plaintiffs' Motion for Class Certification and Suggestions in Support (Doc. No. 59) is **GRANTED.** Daniel Werner, Mark Dugan, and Heather Schlozman are appointed as class counsel. Plaintiffs Jose Roberto Rios-Gutierrez, Jose Juan Mendoza-Servin, Francisco Javier Martinez-Mendez, Jonathan Rodriguez-Anaya, and Cesar Edgardo Avendaño-Martinez are appointed class representatives. Plaintiffs shall submit their proposed form of notice on or before **December 19, 2022**; Defendants may file their objections, if any, on or before **January 6, 2023**; and Plaintiffs may file any reply to the objections on or before **January 17, 2023.**

As previously discussed in the Court's First Amended Scheduling Order (Doc. No. 45), the parties shall submit to the Court a proposed scheduling order for remaining discovery and all other remaining issues **within 30 days of the date of this Order.**

**IT IS SO ORDERED**.

Date: November 30, 2022  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge

15
Case 4:21-cv-00374-FJG   Document 73   Filed 11/30/22   Page 15 of 15